UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRITTAN EINES,           )<br>                                 )<br>           Petitioner,   )<br>v.                               )    No. 2:05-cv-0215-RLY-WGH<br>                                 )<br>CRAIG HANKS,           )<br>                                 )<br>           Respondent.  ) | |

### Entry Discussing Petition for Writ of Habeas Corpus

"We should not be too ready to exercise oversight and put aside the judgment of prison administrators; it may be that a constitutional challenge to a disciplinary hearing such as [this] will rarely, if ever be successful." *Ponte v. Real,* 471 U.S. 491, 499 (1985) (citation omitted). Petitioner Eines' challenge to a June 9, 2005, disciplinary proceeding identified as No. WVE 05-06-0010, does not present one of the rare challenges to which *Ponte* refers. Accordingly, his petition for a writ of habeas corpus must be denied. This conclusion rests on the following facts and circumstances:

     1.     On June 5, 2005, Correctional Officer B. Allen wrote a Report of Conduct charging Eines with battery. After being supplied with a copy of the written charge and notified of his procedural rights, Eines was found guilty at a hearing and was sanctioned. Contending that the proceeding was constitutionally infirm, Eines now seeks a writ of habeas corpus.

     2.     A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

     3.     "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Eines was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written

statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

       4.      Using the protections recognized in *Wolff* as an analytical template, Eines received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Eines was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board and reviewing authority issued a sufficient statement of their findings, and (3) the conduct board and the reviewing authority issued a written reason for their decisions and for the sanctions which were imposed. With respect to the sufficiency of the evidence, the evidence favorable to the conduct board's decision, *see Willard v. Pearson,* 823 F.2d 1141, 1150 (7th Cir. 1987) (a federal habeas corpus court must presume that the jury resolved all reasonable inferences in the State's favor), is the following: On June 5, 2005, Eines was fighting with Offender Beecher and Offender Harris. Petitioner was wrestling on the floor with both Offenders Harris and Beecher. This was sufficient. *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"). There is no requirement that this determination be made based on evidence "beyond a reasonable doubt," and whether Eines was the aggressor in the fight is not an element of the charge of fighting.

       5.      Eines' contention that the proceeding was constitutionally infirm is that he was acting in self defense. Even if that is an accurate characterization of the situation, conduct, however, it does not entitle Eines to relief in this case, because it does not excuse his battery. *See Rowe v. DeBruyn,* 17 F.3d 1047 (7th Cir.) (in the context of a prison disciplinary matter, self-defense is no defense), *cert. denied,* 115 S. Ct. 508 (1994). The sufficiency of the evidence has already been considered. *See Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989) (prisoner's presentation of exculpatory evidence immaterial unless it directly undercuts the reliability of the evidence relied on by disciplinary authority).

       6.      "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Eines to relief. His claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus must be **denied** and this action dismissed. Judgment consistent with this Entry shall now issue.

       **IT IS SO ORDERED.**

Date: 11/16/2005

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana